UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

HEZEKIAH JOEL COLBERT,          )
                                )
                 Plaintiff,     )
        vs.                     )       No. 2:11-cv-0286-JMS-WGH
                                )
K. RICHARDS, et al.,            )
                                )
                 Defendants.    )

**Entry and Order Directing Dismissal of Action**

For the reasons explained in this Entry, the action based on plaintiff Hezekiah Joel Colbert's complaint must be dismissed.

**Discussion**

Colbert is a "prisoner" as defined by 28 U.S.C. § 1915(h) and the court has screened his complaint as required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading requirements of the *Federal Rules of Civil Procedure*, a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A complaint must always . . . allege ≥enough facts to state a claim to relief that is plausible on its face.' *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). AAt a minimum, a complaint must contain facts sufficient to state a claim as a matter of law.@ *Hickey v.*

*O=Bannon,* 225 F.3d 656, 657 (7th Cir. 2002)(citing *Fries v. Helsper,* 146 F.3d 452, 457 (7th Cir. 1998)).

Colbert is proceeding without counsel at present. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Despite this liberal construction, the court Awill not invent legal arguments for litigants, and is not obliged to accept as true legal conclusions or unsupported conclusions of fact.@ *County of McHenry v. Insurance Company of the West,* 438 F.3d 813, 818 (7th Cir. 2006) (internal quotations and citations omitted).

Colbert alleges that defendants K. Richards and B. Hinton refuse to provide him copies of documents necessary to file a petition for post-conviction relief in state court and that this refusal continues even after these defendants were directed to do so in response to a grievance Colbert filed on this issue. Colbert's action is brought pursuant to 42 U.S.C. § 1983 and his claims are that the defendants' conduct violates rights secured to him by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Colbert seeks injunctive relief.

There is no Aabstract free-standing right to a law library or legal assistance.@ *Lewis v. Casey,* 116 S. Ct. 2174, 2179 (1996). A[T]o state a right to access-to-courts claim and avoid dismissal under Rule 12(b)(6), a prisoner must make specific allegations as to the prejudice suffered because of the defendants= alleged conduct. This is because a right to access-to-courts claim exists only if a prisoner is unreasonably prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves. Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources.@ *Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003)(general allegations that destruction of legal papers prejudiced pending lawsuits did not state a claim).

Colbert's specific concern in preparing a filing in the state court to challenge his conviction is that he will be prejudiced in the future because his post-conviction relief petition will be rejected without the appropriate number of copies. This claim of injury, however, is both speculative and premature. In short, no injury has yet been suffered because his challenge has not been submitted and has not been rejected. His complaint therefore fails to state a claim upon which relief can be granted.

For the reasons explained above, even when liberally construed, the complaint fails to survive the screening required by ' 1915A because it fails to contain a legally viable claim under 42 U.S.C. ' 1983. Dismissal of the federal claims pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/18/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana